FILED - GR
October 5, 2009 2:20 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw___/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAWN MARIE VINTON., IN PRO PER.,

Plaintiff,

Case Number: **1:09-cv-914**
Paul L Maloney
Chief U.S. District Judge

CERTEGY CHECK SERVICES, INC.
AND FIDELITY NATIONAL INFORMATION SERVICES, INC.

Defendants,

## SUMMONS AND COMPLAINT

Plaintiff, Dawn Marie Vinton., In Pro Per., is filing this complaint as the court has supplemental jurisdiction over state law claims set forth in the c

1.

omplaint under 28 U.S.C. { 1367, as these claims are joined with related claims under the FCRA and/or with claims over which this Court has jurisdiction under 28 U.S.C. { 1332.

1. Plaintiff received a postcard from Notice Adminstor for U. S. District Court P. O. Box 3689. Portland, Oregon. 97208-3689. " Which Says Legal Notice About A Class Action Settlement." With settlement benefits or other options.

2. After going to www.datasettlement.com and reviewing the options., Plaintiff decided to opt-out of the Class Action Settlement ( Lockwood VS. Certegy Check

2.

Services, Inc. No. 8:07-CV-1434-T-23TGW. Which also includes its indirect parent company Fidelity National Information Services, Inc.

3. Plaintiff sent a typed letter Dated: Tuesday July 21, 2008., Which I signed on July 25, 2008. To: Data Settlement P. O. Box 4277. Portland, OR. 97208-4277. Requesting to opt-out in the above Class Action Settlement Via Certified Mail Return Receipt Requested Number: 7007-2560-0002-0497-6272. Which was mailed on July 26, 2008.

4. Per USPS Track And Confirm ( 08 /01/ 2008. ). The Opt-Out Letter which was sent Via Certified Mail Return Receipt Requested Number: 7007-2560-0002-0497-6272.

3.

which was delivered on Thursday July 30, 2008., Portland Oregon at 7:56 A. M.

5.    Since Defendants are a check authorization business., therefore they are a " Nationwide speciality consumer agency" means they are a consumer reporting agency that complies and maintains files on consumers on a nationwide basis also in relation to Plaintiff's check writing history., Therefore 15 U. S. C. { 1681a } Sec. 2. ( w ). applies.

6.    Plaintiff Dawn Marie Vinton., In Pro Per alleges that Defendants Certegy Check Services, Inc. And Fidelity National Information Services, Inc., failed in their duties to protect Plaintiff's personal identifying information.

4.

, debit card, checking or demand account numbers or information that was included in multiple databases as as result a senior database administrator employed by Certegy stole confidential information of millions from Certegy's record and sold them for marketing purposes.

7.    As a result of Plaintiff's information being sold for marketing purposes Defendants violated The Fair Credit Reporting Act., Section 604. { 15 U. S. C. { 1681 b }., The Michigan Identity Theft Protection Act 452 Of 2004. Which took effect on March 01, 2005., Sec. 445.63. Sec. 3. ( b ), ( j )., ( o )., ( iii ). When Certegy's Senior administrator stole the information and sold it fo

5.

r marketing purposes where under the Michigan Consumer Protection Act Sec. 445.911., Sec. 11. ( 1 )., ( a )., ( b )., ( 2 ).. Which is a prohibited act under the Michigan Identity Theft Protection Act 452 of 2004. 445.65. Sec. 1. ( 1 )., ( a )., ( i ). Where Plaintiff who suffers loss as a result of a violation of this act my bring an action to recover actual damages or $ 250.00., whichever is greater.

8.      Since Defendants been violating Michigan Acts. which took effect March 01, 2005. The damages are unknown and will depend on how many times Defendant violated each Michigan Act which took effect on March 01, 2005.

6.

Therefore Plaintiff Dawn Marie Vinton., Plaintiff In Pro Per., is requesting in my action against the Defendants for the following:

1. Damages for violating FCRA 15 { USC 1681b }.
2. Punitive damages for violating FCRA as the court may allow.
3. In the case of any successful action to enforce any liability under this section together with reasonable attorney fees.
4. Damages for Defendants violating the Michigan Identity Theft Protection Act 452 of 2004. 445.63., Sec. 3. ( b )., ( j )., ( o )., ( iii )., Which is a prohibited act under 445.65. Sec. 5. ( 1 )., ( a )., ( 1 ). Under The Michigan Co

7.

nsumer Protection Act 445.903. Sec. 3. ( jj ). Which refers to Sec. 11. Of The Michigan Identity Act Of 2004., PA 452., MCL 445.71. Which the court will have to determine the amount of damages.

Dated: 9-28-09                    *Dawn Vinton* (signature)

Dawn Marie Vinton., Plaintiff In Pro Per.,
330 Murray S. E.
Kentwood, MI. 49548.

8.