IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAWN MARIE VINTON, IN PRO PER.,

        Plaintiff,

v.

CERTEGY CHECK SERVICES, INC.
AND FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

        Defendants.

COURT FILE NO. 1:09-CV-914

Hon. Paul L. Maloney

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE CASE PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Certegy Check Services, Inc. ("Certegy") and Fidelity National Information Services, Inc. ("Fidelity") (collectively "Defendants") jointly submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiff Dawn Marie Vinton ("Plaintiff") pursuant to Fed. R. Civ. 12(b)(6). Dismissal should be granted pursuant to 12(b)(6), because the claims in Plaintiff's complaint are barred by the doctrine of res judicata.

### FACTS

On September 18, 2008, Plaintiff Dawn Marie Vinton commenced an action against Defendants in the U.S. District Court for the Western District of Michigan, Court File No.: 1:08-CV-881. *See Vinton v. Certegy Check Services,*

*Inc. and Fidelity National Information Services, Inc.*, 1:08-CV-881 (W.D. Mich.) (hereinafter "*Vinton I*"), Docket No. 1.

In *Vinton I*, Plaintiff alleged Defendants violated the Electronic Code of Federal Regulations Title 16 (16 C.F.R. § 313 *et seq.*). *Id.* Plaintiff alleged in Vinton I the following facts:

1. A senior database administrator at Certegy Check Services, Inc. stole confidential information and sold it to a third party for marketing purposes;

2. Plaintiff received a postcard from a District Court Notice Administrator regarding a class action settlement in *Lockwood v. Certegy Check Services, Inc.* relating to Defendants and the alleged theft of confidential information referenced above;

3. Plaintiff sent a request to opt out of the class action settlement in *Lockwood v. Certegy Check Services, Inc.* to the District Court Notice Administrator. *Id.*

On October 16, 2008, Defendants filed a Motion to Dismiss in *Vinton I* pursuant to Fed. R. Civ. P. 12(b)(6). *Vinton I, Docket Nos. 12-19.*

On November 14, 2008, Plaintiff filed a Motion to Amend the complaint in *Vinton I* to add a claim for violation of the "Consumer Data Security and Notification Act of 2005." *Vinton I, Docket No. 30.*

On December 3, 2009, this Court denied Plaintiff's Motion to Amend the complaint in *Vinton I* to include a claim for violation of the "Consumer Data

1506750v4

2

Security and Notification Act of 2005" because such a law does not exist. *Vinton I*, Docket No. 35.

On August 31, 2009, this Court made a final decision on the merits of *Vinton I* and granted Defendants' Motion to Dismiss that Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Vinton I*, Docket Nos. 39-40.

On October 5, 2009, Plaintiff filed the Complaint in this matter *sub judice* alleging facts identical to *Vinton I* and naming the same Defendants as Vinton I. *See Vinton v. Certegy Check Services, Inc. and Fidelity National Information Services, Inc.*, 1:09-CV-914 (W.D. Mich.) (hereinafter "*Vinton II*"), Docket No. 1. Plaintiff alleges in *Vinton II* the following facts:

1. A senior database administrator at Certegy Check Services, Inc. stole confidential information and sold it to a third party for marketing purposes.

2. Plaintiff received a postcard from a District Court Notice Administrator regarding a class action settlement in *Lockwood v. Certegy Check Services, Inc.* relating to Defendants and the alleged theft of confidential information referenced above;

3. Plaintiff sent a request to opt out of the class action settlement in *Lockwood v. Certegy Check Services, Inc.* to the District Court Notice Administrator.

*Id.*

1506750v4                                3

Plaintiff asserts in her Complaint in *Vinton II* that the exact same facts as the failed Complaint in *Vinton I* give rise to her alleged causes of action against Defendants pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.* and the Michigan Identity Theft Protection Act ("MIPTA"), M.C.L. § 445.61 *et seq. Id.*

## LEGAL ANALYSIS

### I.   LEGAL STANDARD.

Rule 12(b)(6) provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008); *Kottmeyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). "A claim survives this motion where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.

"Dismissal under Rule 12(b)(6) is properly granted if the claims alleged are barred by res judicata." *Buck v. Thomas Cooley Law School*, 615 F. Supp. 632, 635 (W.D. Mich. 2009) (citing *Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008).

"Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (2007). Moreover, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336.

## II. PLAINTIFF'S COMPLAINT DOES NOT SET FORTH A LEGALLY SUFFICIENT CLAIM FOR RELIEF AS PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties and their privies from relitigating issues that were or could have been raised in that action." *Falk v. State Bar of Michigan*, 631 F.Supp. 1515, 1518 (W.D. Mich. 1986) (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 1890 n. 6, 72 L.Ed.2d 262 (1982). The purpose of res judicata is to relieve parties of the cost and vexation of multiple lawsuits, discourage multiple litigation, promote the finality of judgments, conserve judicial resources, and encourage reliance on adjudication. *Sanders v. Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), cert. denied, 506 U.S. 1079, 113 S.Ct. 1046,

122 L.Ed.2d 355 (1993); *Allen v. McCurry*, 449 U.S. 90, 94, 101 . Ct. 411, 415, 66 L.Ed.2d 308 (1980).

According to the Sixth Circuit, a claim is barred by res judicata if all of the following elements are met:

(1)   a final decision on the merits by a court of competent jurisdiction was made in the first action;

(2)   the second action was between the same parties and their "privies" as in the first action;

(3)   the second action raises a claim that was litigated or should have been litigated in the first action; and

(4)   there exists an identity of the causes of action.[1]

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *Wilkins v. Jakeway*, 177 F.3d 560, 563-64 (6th Cir. 1999); *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992); *see also King v. South Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524 (6th Cir. 1986); *Westwood Chemical v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). Where all of the elements of res judicata

---

[1] With respect to Plaintiff's state law claims, Michigan law is similar as it requires that (1) the prior action was decided on the merits, (2) both actions involve the same parties and their privies, and (3) the matter in the second case was, or could have been resolved in the first. *See, e.g., Buck*, 615 F. Supp.2d at 638 (quoting *Adair v. Michigan*, 470 Mich. 105, 680 N.W.2d, 386 397 (2004)). Moreover, if these three elements are established, then res judicata serves to bar every claim arising from the same transaction that the parties could have raised but did not. *Id.* As set forth *infra*, the requirements for res judicata have been met both for Plaintiff's federal and state law claims.

are present, all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected from which the action arose, are extinguished. *Restatement 2d Judgments § 24.*

In the instant matter, all four elements of res judicata are present and accordingly Plaintiff's claims are barred and should be dismissed.

    1.    <u>A Final Decision on the Merits Was Made in the First Action by a Court of Competent Jurisdiction</u>

On August 31, 2009, this Court granted Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in *Vinton I*. *See Vinton I, Docket Nos. 39-40.* A dismissal pursuant to Rule 12(b)(6) is a decision on the merits with full res judicata effect. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981); *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989); *see also Bartsch v. Chamberlin*, 266 F.2d 357 (6th Cir. 1959).

Moreover, this Court had competent jurisdiction over *Vinton I* because it was vested with original jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff alleged a question of federal law. As such, the first prong of res judicata has been satisfied.

    2.    <u>The Parties in the First Action and Second Action are The Same</u>

The parties in *Vinton I* and *Vinton II* are identical. Accordingly, the second prong of res judicata has been satisfied.

    3.    <u>The Second Action Raises Claims that Should Have Been Litigated in the First Action</u>

The claims in the instant matter should have been litigated in *Vinton I* because Plaintiff alleged identical actions by Defendants in both matters.

For purposes of res judicata, a claim embraces "all the remedial rights of the plaintiff against the defendant growing out of the relevant transaction (or series of connected transactions)". *Restatement 2nd Judgments* § 24, Comment a. Where the plaintiff's claims arose from a common nucleus of operative fact, there is but one transaction or claim. *Restatement 2nd Judgments* § 24, Comment b. The fact that "a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims." *Restatement 2nd Judgments* § 24, Comment c. "This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." *Id.*

All of Plaintiff's claims in both matters arise out of the same transaction or claim, namely, that a senior database administrator at Certegy Check Services, Inc. stole confidential information and sold it to a third party for marketing purposes, Plaintiff received a postcard from a District Court Notice Administrator regarding a class action settlement in *Lockwood v. Certegy Check Services, Inc.* relating to Defendants and the alleged theft of confidential information referenced above, and Plaintiff sent a request to opt out of the class action settlement in *Lockwood v. Certegy Check Services, Inc.* to the District Court Notice

Administrator.  *See Vinton I, Docket 1 and Vinton II, Docket 1.*  Therefore, Plaintiff should have raised her allegations for violations of the FCRA[2], MCPA and MIPTA in *Vinton I* but failed to do so.  As such, the third prong of res judicata has been satisfied.

    4.    <u>An Identity of the Causes of Action exists in the First Action and the Second Action</u>.

Similarly, the identity of the claims element is satisfied if "the claims arose out of the same transaction or series of transactions," or "the claims arose out of the same cores of operative facts."  *Browning v. Levy*, 283 F.3d, 761, 773-74 (6th Cir. 2002);  *see also Micro-Time Mgmt. Sys., Inc. v. Allard & Fish, P.C.*, 983 F.2d 1067 (6th Cir. 1993).  As set forth above, Plaintiff's claims in both actions arose out the same transaction or core of operative fact as the facts alleged giving rise to her claims are identical.  As such, the last prong of res judicata has been satisfied as well.

## **CONCLUSION**

For the reasons set forth above, the Court should dismiss the instant matter pursuant to Fed. R. Civ. 12(b)(6).

---

[2] Plaintiff's Complaint in *Vinton I* did reference the FCRA but did not allege a violation of the FCRA.  *See Vinton I, Docket No. 1*.

| | |
|---|---|
| Dated: November 18, 2009 | By:  s/ James R. Bedell<br>John K. Rossman (MN Bar #244831)<br>James R. Bedell (MN Bar #351544)<br>MOSS & BARNETT, P.A.<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402-4129<br>Telephone:  (612) 877-5000<br>Fax: (612) 877-5999<br>rossmanj@moss-barnett.com<br>bedellj@moss-barnett.com<br><br>Attorneys for Defendants Certegy Check Services, Inc. and Fidelity National Information Services, Inc. |