UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| |
DAWN MARIE VINTON, | Case No. 1:09-cv-914
|
    Plaintiff, |
|
        v. | HONORABLE PAUL L. MALONEY
|
CERTEGY CHECK SERVICES, INC., and FIDELITY |
NATIONAL INFORMATION SERVICES, INC., |
|
    Defendants. |
|

---

## OPINION and ORDER

**Granting the Defendant's Unopposed Motion to Dismiss the Complaint as *Res Judicata*;
Terminating and Closing the Case**

In September 2008, Dawn Marie Vinton ("Vinton") instituted an action in this court against

Certegy Check Services, Inc. ("Certegy") and Fidelity National Information Services, Inc.

("Fidelity"). *See Vinton v. Certegy Check Servs., Inc., and Fidelity Nat'l Info. Servs., Inc.*, No.

1:2008-cv-881 (W.D. Mich.) ("*Vinton 1*"). The complaint in *Vinton 1* alleged that a senior database

administrator at Certegy stole her confidential information and sold it to a third party for marketing

purposes; that Vinton received a postcard from the District Court regarding a class-action settlement

in *Lockwood v. Certegy Check Servs., Inc.*, regarding the alleged theft of confidential information

from a number of people; and that she mailed a request to "opt out" of the settlement. *Vinton 1*

asserted a claim that these two defendants violated 16 C.F.R. § 313 *et seq.*, and the district court

denied her motion for leave to amend the complaint to add a claim under the "Consumer Data

Security and Notification Act of 2005" because no such statute exists. *See Vinton 1*, Doc. Nos. 30 and 35. In October 2008 these defendants filed a motion to dismiss the *Vinton 1* complaint for failure to state a claim on which relief can be granted, which this court granted in August 2009, *see* Doc. Nos. 12-19 and 39-40.

On October 5, 2009, Vinton filed the instant action *pro se*, alleging facts identical to those alleged in her *Vinton 1* complaint and naming the same two parties defendant. This time Vinton asserts a federal claim against the defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and pendent state-law claims against them under the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.901 *et seq.* ("MCPA"), and the Michigan Identity Theft Protection Act, MICH. COMP. LAWS § 445.61 *et seq.* ("MIPTA").

The defendants move to dismiss the complaint for failure to state a claim on which relief can be granted, contending that the FCRA claim is barred by the federal common-law doctrine of *res judicata* and the state-law claims are barred by Michigan's common-law doctrine of *res judicata*. Vinton has not filed an opposition brief, and the time for her to do so has expired. *See Glass v. Kellogg Co. Bakery, Confectionery, Tobacco Workers & Grain Millers Pension Plan*, 2009 WL 2611269, *2 (W.D. Mich. Apr. 3, 2009) (Maloney, C.J.) (a motion to dismiss is a dispositive motion, and a party has 28 days to file opposition to a dispositive motion, including weekends and holidays) (citing W.D. MICH. LCIVR 7.2(a), W.D. MICH. LCIVR 7.2(c), and FED. R. CIV. P. 6(a)(1)). For the reasons that follow, the court will grant the defendants' motion and dismiss the complaint.

**The federal claims are governed by federal common law, which requires four elements for the application of *res judicata*:** (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) the

subsequent raises issues actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action in the first and second actions. *See Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 889 (6th Cir. 2009) (Richard Allen Griffin, J.) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995))).

The first element of federal *res judicata* is satisfied. Pursuant to 28 U.S.C. § 1331, this court had undisputed federal-question jurisdiction over the first action due to Vinton's invocation of a federal statute. Moreover, this court's order dismissing *Vinton 1* was final because it disposed of all issues as to all parties. Finally, this court's order dismissing *Vinton 1* for failure to state a claim on which relief could be granted constituted a decision on the merits. *See Kitchen-Bey v. Hoskins*, 2006 WL 3500617, *3 (W.D. Mich. Dec. 4, 2006) (Robert Holmes Bell, C.J.) (dismissal for failure to state a claim constitutes a decision on the merits for purposes of federal *res judicata*) (citing *Guzowski v. Hartman*, 969 F.2d 211, 216 (6th Cir. 1992)); *Breeding v. Lange*, 2009 WL 2901195, *2 (W.D. Mich. Sept. 3, 2009) (Maloney, C.J.) (same).

The second element of federal *res judicata* is satisfied because the parties here are identical to those in *Vinton 1*. The third element is satisfied because Vinton "should have" litigated the FCRA, MCPA, and Michigan Identity Theft Protection Act claims in *Vinton 1*. The fourth element (an identity of claims) is satisfied because the claim asserted in *Vinton* 1 and the FCRA, MCPA, and MITPA claims asserted here "'arose out of the same transaction or series of transactions'" or "'the same core of operative facts.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (citation omitted)), *cert. denied*, – U.S. –, 129 S.Ct. 2159 (2009).

As for Vinton's state-law claims, "we must give the same preclusive effect, under the doctrines of *res judicata* and collateral estoppel" to this court's prior judgment that it would receive in the courts of Michigan. *See ABS Indus., Inc. v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009) (Guy, Rogers, <u>Griffin</u>) (quoting *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999)). If Vinton would be precluded from asserting these state-law claims now in the Michigan courts, she will be precluded from asserting them here. *See ABS*, 333 F. App'x at 998 ("'[I]f an individual is precluded from litigating a suit in state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted)). In other words, we look to Michigan's law to determine whether this court's prior judgment precludes Vinton from asserting her state-law claims now. *See ABS*, 333 F. App'x at 998 (citing *Ingram*, 185 F.3d at 593, and *Gutierrez*, 826 F.2d at 1537).

Michigan's *res judicata* "doctrine bars a subsequent action between the same parties when the evidence or essential facts are identical." *Schulze v. Claybanks Twp.*, 2009 WL 3586139, *6 (W.D. Mich. Oct. 27, 2009) (Paul L. Maloney, C.J.) (citing *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Cty. Bd. of Cty. Rd. Comm'rs v. Schultz*, 205 Mich. App. 371, 375, 521 N.W.2d 847, 850 (Mich. App. 1994))). Michigan's "*res judicata* doctrine reflects the 'recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time.'" *Griffin v. Reznick*, 2008 WL 4741738, *6 (W.D. Mich. Oct. 28, 2008) (quoting *Schwartz v. Flint*, 187 Mich. App. 191, 466 N.W.2d 357 (Mich. App. 1991) (citing *Gose v. Monroe Auto Equip. Co.*, 409 Mich. 147, 294 N.W.2d 165 (Mich. 1980))). Specifically, Michigan *res judicata* precludes a second action when (1) the first decision was

decided on the merits, (2) the decree in the prior action constituted a final decision, (3) the matter contested in the second action was, or could have been, resolved in the first action, and (4) both actions involved the same parties or their privies.  *See Dart*, 460 Mich. at 586, 597 N.W.2d at 88.

Under Michigan law, this court's dismissal of *Vinton 1* constitutes a decision on the merits. The Michigan Court Rule governing involuntary dismissals provides that

> "[u]nless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits."

*Proassurance Corp. v. Nefcy*, 2008 WL 2356356, *4 (Mich. App. June 10, 2008) (p.c.) (P.J. Meter, Kelly, Fort Hood) (quoting MICH. CT. R. 2.504(b)(3) and following *Al-Shimmari v. Detroit Med. Ctr.*, 477 Mich. 280, 731 N.W.2d 29 (Mich. 2007)).  The other three elements of Michigan's *res judicata* doctrine are satisfied as well, for the reasons noted in the discussion of the federal *res judicata* doctrine.

As the Michigan Court of Appeals recently reaffirmed, the Michigan Supreme "'Court has taken a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, *could have raised*, but did not.'"  *Weatherly v. Weatherly*, 2009 WL 3200036, *2 (Mich. App. Oct. 6, 2009) (p.c.) (P.J. Murray, Markey, Borrello) (emphasis added) (quoting *Adair v. Michigan*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (Mich. 2004) (Taylor, J., for the Court)).  Having filed no opposition brief, Vinton has not attempted to show why she could not have asserted these claims in the first action in the exercise of reasonable diligence, and the court perceives no justification for her failure to do so.

Therefore, were Vinton to assert the instant MCPA and MITPA claims in state court now,

Michigan appellate precedent would require the state court to hold that they are *res judicata* and

enter summary disposition in favor of these defendants pursuant to MICH. CT. R. 2.116(C)(6). This

court is obligated to follow Michigan law and do the same. *See Pennington v. AT&T*, 202 F. App'x

880, 883-84 (6th Cir. 2007) (Merritt, Sutton, <u>Griffin</u>) ("[T]his court applies state law in accordance

with the controlling decisions of the state supreme court, and, if that court has not yet addressed the

relevant issue", the federal court must look to state Court of Appeals decisions) (citing *Allstate Ins.*

*Co. v. Thrifty Rent-a-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001) (citation omitted)).


**ORDER**

Defendants' motion to dismiss the complaint for failure to state a claim on which relief can

be granted [document # 6] is **GRANTED**.

Pursuant to FED. R. CIV. P. 12(b)(6), the complaint is **DISMISSED**.

The case is **TERMINATED** and **CLOSED**. This is a final and appealable order.

**IT IS SO ORDERED** on this _____22nd_____ day of December 2009.


/s/ Paul L. Maloney_____
Hon. Paul L. Maloney
Chief United States District Judge